# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**PICURÍS PUEBLO,**

    **Plaintiff,**

vs.    No. CIV 04-0475 RB/DJS

**OGLEBAY NORTON COMPANY, an Ohio corporation; OGLEBAY NORTON SPECIALTY MINERALS, INC., an Ohio corporation; FRANKLIN INDUSTRIES, INC., a Tennessee corporation, PRESTON CAPITAL CORPORATION, a North Carolina corporation,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's (Picurís') Motion to Remand (Doc. 7), filed on May 27, 2004, and Motion to Extend Time to Respond to Franklin's Motion to Dismiss (Doc. 17), filed on September 29, 2004. On April 30, 2004, Defendant Franklin removed this matter pursuant to 28 U.S.C. §1441(b), alleging federal question jurisdiction. Having reviewed the submissions of the parties and the relevant law, I find that the motion to remand should be denied and that the motion for extension of time should be granted.

Picurís, a federally recognized Indian tribe, filed a complaint in the Eighth Judicial District, County of Taos, State of New Mexico, for ejectment and trespass damages with respect to a mica mine operated by Defendants. (Compl. at ¶¶ 5-29.) Picurís seeks a declaration that it holds aboriginal title to the land on which the mine is located, an order ejecting Defendants, and money damages. (Compl. at 8.)

On February 23, 2004, counsel for Picurís mailed a copy of the complaint and summons, along

with a form "Notice and Receipt of Summons and Complaint" to the registered agents for Defendants Franklin and Preston.[1] (Aff. of Lynne Stroud ¶¶ 2-5.) After receiving no response, counsel for Picurís began looking for a process server to serve these Defendants. (*Id.* at ¶ 6.) Near the end of March, a Santa Fe attorney notified counsel for Picurís that he would accept service for Franklin. (*Id.* at ¶ 7.) Counsel for Picurís prepared a waiver and acceptance of service form, which counsel for Franklin executed effective April 1, 2004. (*Id.*) On April 13, 2004, a summons and complaint were personally served on the registered agent for Preston. (Aff. of Lynne Stroud ¶¶ 8-9.) On April 30, 2004, Franklin removed the case to this court pursuant to 28 U.S.C. § 1441(b).

Picurís has moved to remand to state court on the ground that the notice of removal was untimely. Federal removal jurisdiction is statutory in nature and must be strictly construed. *Shamrock Oil & Gas v. Sheets*, 313 U. S. 100, 108 (1941). Doubts must be resolved in favor of remand. *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). A removing party has the burden of demonstrating the existence of federal jurisdiction by a preponderance of the evidence. *Karnes v. Boeing Co.*, 335 F.3d 1189, 1195 (10th Cir. 2003).

The governing removal statute provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. . . .

28 U.S.C. § 1446(b).

Picurís argues that Franklin and Preston were served on February 23, 2004, when copies of

---

[1] The Oglebay-Norton Defendants filed a joint suggestion of bankruptcy.

the summons, complaint, and notice of receipt of summons and complaint form were mailed to their respective registered agents pursuant to Rule 1-004(E). Franklin responds that formal service was not complete until its counsel accepted service effective April 1, 2004

A named defendant's time to remove is triggered by simultaneous service of the summons and complaint, "but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999). Writing for the Court, Justice Ginsburg observed that "[s]ervice of process . . . is fundamental to any procedural imposition on a named defendant." *Id.* at 350. In the absence of service or process, or waiver of service by the defendant, a court ordinarily may not exercise power over a defendant. *Id.*

The New Mexico rule governing service of process provides in pertinent part:

> A summons and complaint may be served upon a defendant . . . by mailing a copy of the summons and of the complaint . . . to the person to be served, together with two (2) copies of a notice and acknowledgment conforming with the form set out below and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within twenty (20) days after the date of mailing, service of such summons and complaint shall be made by a person authorized by . . . this rule, in the manner prescribed by . . . this rule. Unless good cause is shown for not doing so, the court shall order the payment of the costs of personal service by the person served if such person does not complete and return within twenty (20) days after mailing the notice and acknowledgement of receipt of summons. NMRA 1-004(E).

The plain language of the rule establishes that mailing and receipt alone are insufficient to accomplish service. Unless the acknowledgment of service is returned, a plaintiff has failed to perfect service and must turn to alternative means to effect service.

In this case, Defendants never returned the acknowledgement of service forms that

3

accompanied Picurís' February 23, 2004 mailing.  Franklin accepted service on April 1, 2004.  Preston was served on April 13, 2004.  Thus, the thirty day time for removal ran from April 1, 2004.  Franklin filed its notice of removal on April 30, 2004, within thirty days of service.  Removal was timely within the meaning of 28 U.S.C. § 1446(b).  The motion to remand should be denied.

Picurís has moved for an extension of time until two weeks after the court rules on the motion to remand to respond to Franklin's motion to dismiss.  This request should be granted.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 7), filed on May 27, 2004, is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time to Respond to Franklin's Motion to Dismiss (Doc. 17), filed on September 29, 2004, is **GRANTED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

4