IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**PICURÍS PUEBLO,**

      **Plaintiff,**

vs.                                                                                          No. CIV 04-0475 RB/DJS

**OGLEBAY NORTON COMPANY, an Ohio
corporation; OGLEBAY NORTON SPECIALTY
MINERALS, INC., an Ohio corporation;
FRANKLIN INDUSTRIES, INC., a Tennessee
corporation; and PRESTON CAPITAL CORPORATION,
a North Carolina corporation,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Franklin Industries, Inc.'s (Franklin's) Motion to Dismiss (Doc. 9), filed on June 10, 2004. On April 30, 2004, Franklin removed this matter pursuant to 28 U.S.C. §1441(b). Jurisdiction is founded upon 28 U. S. C. § 1331. On March 11, 2005, I heard oral argument on this motion. Having considered the arguments and having reviewed the submissions of the parties and the relevant law, I find that the motion to dismiss should be denied.

**I.  Background.**

Picurís, a federally recognized Indian tribe, filed a complaint in the Eighth Judicial District, County of Taos, State of New Mexico, for ejectment and trespass damages with respect to a mica mine operated by Defendants. (Compl. at ¶¶ 5-29.) Picurís alleges that its members have gathered pottery clay at the mine site for at least 400 years. Picurís seeks a declaration that it holds aboriginal title to the land on which the mine is located, an order ejecting Defendants, and money damages. (Compl. at 8.)

Franklin filed a motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(7), for failure to join the United States as a necessary and indispensable party under FED. R. CIV. P. 19.

## II. Standard.

The proponent of a motion to dismiss under Rule 12(b)(7) has the burden of showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence. *Citizen Band Potawatomi Indian Tribe of Oklahoma v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994). This burden can be satisfied by providing affidavits of persons having knowledge of these interests, as well as other relevant extra-pleading evidence. *Id*. For the purposes of its motion, Franklin relies solely on the pleadings.

## III. Discussion.

Franklin argues that this case must be dismissed for failure to join the United States. Under FED. R. CIV. P. 19, whether a party is indispensable for a just adjudication requires a determination regarding whether the absent party is necessary[1] to the litigation; if so, whether the absent party can be joined in the litigation; and if joinder is not feasible, whether the lawsuit can nevertheless proceed "in equity and good conscience." FED. R. CIV. P. 19; *Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996). Rule 19 calls for a pragmatic decision based on practical considerations in the context of particular litigation. *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118 (1968).

The United States issued a mineral patent to Franklin's predecessor in interest. The United

---

[1] An entity is necessary if: (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. FED. R. CIV. P. 19(a).

States reserved certain easements in the patent. Based on these reservations, the United States arguably has an interest that would be directly affected by the relief Picurís seeks. For the purposes of this opinion, it is presumed that the United States is a necessary party. *See e.g. Rishell*, 94 F.3d at 1412 (assuming persons were necessary and proceeding to Rule 19(b) analysis). A necessary party must be joined if feasible. FED. R. CIV. P. 19(a). The parties agree that sovereign immunity precludes joinder of the United States.

If a necessary party cannot be joined, the inquiry turns to the second step under Rule 19(b), which provides: "the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." FED. R. CIV. P. 19(b). Whether this test is satisfied depends on a weighing of four factors. *Id*. First, does the plaintiff have an alternative route by which to pursue its claim? *Id*. If not, that factor weighs against deeming the absent entity indispensable. Second, will the defendant be subject to multiple liability or other serious inconvenience? *Id*. If so, that factor weighs in favor of deeming the absent entity indispensable. Third, is there a serious danger that the absent entity will be harmed by the judgment rendered in its absence? *Id*. If so, that factor weighs in favor of deeming it indispensable. Fourth, what disposition will further the interest of the court and the public in consistent, expeditious, and efficient resolution of legal controversies? *See* FED. R. CIV. P. 19(b). The inquiry is not rigid or formalistic, but rather entails a practical examination of the circumstances on a case by case basis. *Provident Tradesmens*, 390 U.S. at 119-20.

Consideration of these factors weighs against a finding that the United States is an indispensable party. Picurís has no other route for establishing any rights it may have with respect to the land. Franklin is not at risk of multiple liability. Because the United States is not a party, it

3

will not be bound by the outcome of this litigation. The public interest favors resolution of legal questions on the merits. Because the United States is not an indispensable party, Franklin's motion to dismiss for failure to join the United States should be denied.

Franklin argues that *Navajo Tribe of Indians v. State of New Mexico*, 809 F.2d 1455 (10th Cir. 1987) mandates the opposite result. *Navajo Tribe* is distinguished from the instant case by its unique facts. In *Navajo Tribe*, the Tribe sought a declaratory judgment that the Tribe had equitable title to unallotted lands that were added to the reservation by executive order and that the United States breached its fiduciary duty to the Tribe by restoring such lands to the public domain. On this basis, the Tribe attacked the validity of all subsequent instruments issued by the United States.

The Tenth Circuit affirmed the district court in holding that the United States was an indispensable party because the Tribe's claims were, "in reality, challenges to the validity of the transactions by which the United States assumed title to the subject land. " *Navajo Tribe*, 809 F.2d at 1471. In *Navajo Tribe*, the claims were essentially a dispute about the legality of executive orders issued by the United States. The Tribe traced its claim to the land to government action in the form of executive order. That is a crucial difference between *Navajo Tribe* and the instant case. In this action, Picurís claims aboriginal title to the land; it does not rely on any action of the United States to support its claim to the land. Picurís does not challenge the validity of the patent issued by the United States; it claims that the patent was issued subject to its rights. Thus, *Navajo Tribe* is inapplicable and not binding herein.

The Tenth Circuit and other courts have generally held that the United States is not an indispensable party when an Indian tribe or individual sues a third party to establish title or recover possession of land. *See Choctaw and Chickasaw Nations v. Seitz*, 193 F.2d 456, 460-61 (10th Cir.

4

1951); *Sokaogon Chippewa Cmty. v. Wisconsin*, 879 F.2d 300, 304 (7th Cir. 1989); *Puyallup Indian Tribe v. Port of Tacoma,* 717 F.2d 1251, 1254 (9th Cir. 1983); *Red Lake Band of Chippewas v. City of Baudette*, 730 F.Supp. 972, 980 (D. Minn. 1990).[2]  In a suit brought by an Indian tribe to protect its interest in tribal lands, regardless of whether the United States is a necessary party under Rule 19(a), it is not an indispensable party in whose absence litigation cannot proceed under Rule 19(b). *See Puyallup Indian Tribe,* 717 F.2d at 1254.  The fact that the United States issued the patent to Franklin's predecessor in interest is insufficient to transform the United States into an indispensable party.  *See Sokaogon Chippewa Cmty.*, 879 F.2d at 304.

The alleged interests of the United States identified by Franklin are not the type of concrete, practical interests that require dismissal.  After considering the Rule 19(b) factors, and analyzing the practical effect of both allowing and not allowing the suit to proceed, I conclude that, in equity and good conscience, the action should proceed.  Franklin's motion to dismiss for failure to join the United States as an indispensable party will be denied.

**WHEREFORE,**

**IT IS ORDERED** that Franklin's Motion to Dismiss (Doc. 9), filed on June 10, 2004, is **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

---

[2] At oral argument, I permitted Franklin to respond by letter to Picurís' reliance on *Red Lake Band*.  In the letter, Franklin attempted to distinguish the nature of the government's property interest in the *Red Lake* case from the property interest in the instant case.  I have considered Franklin's argument and I remain unpersuaded.